NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| WILLIAM W. MCGEE, on behalf of himself and others similarly situated | : : : | |
| Plaintiff, | : : | Civ. No. 06-6234 (GEB) |
| v. | : : | **MEMORANDUM OPINION** |
| CONTINENTAL TIRE NORTH AMERICA, INC. | : : : | |
| Defendant. | : : : | |

**BROWN, Chief Judge**

This matter comes before the Court upon defendant Continental Tire North America, Inc.'s ("CTNA") motion to dismiss plaintiff William McGee's Magnunson-Moss Warranty Act, 15 U.S.C. §§ 2301 et seq. ("MMWA") and declaratory relief claims. The Court has jurisdiction over this matter pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2) ("CAFA"). The Court, having considered the parties' submissions and decided the matter without oral argument pursuant to Federal Rules of Civil Procedure Rule 78, and for the reasons set forth below, will deny CTNA's motion.

**I.     BACKGROUND**

McGee initiated this consumer class action on behalf of all persons who purchased CTNA's ContiSeal model tires since 2004.  (Plaintiff's Brief at 1).  The Complaint alleges that the ContiSeal model tires are defective in design, materials and workmanship because they wear prematurely and abnormally.  *Id.*  McGee asserts four claims on behalf of the class: (1) violation of the MMWA; (2) breach of express warranty; (3) breach of implied warranty; and (4) declaratory relief.  McGee also asserts one claim on behalf of the New Jersey state subclass: violation of the New Jersey Consumer Fraud Act, N.J. Stat. Ann. §§ 56:8-1 et seq.  *Id.*  The declaratory relief claim requests in relevant part that the Court enter an order declaring CTNA's conduct unlawful, and directing CTNA to compensate the class members and to issue a notice to the class members informing them that they have a right to a free set of replacement tires.  Complaint ¶ 69(b).

In the present motion, CTNA seeks to dismiss McGee's MMWA and declaratory relief claims.  Briefing on the matter now complete, the Court will address the pending motion.

**II.    DISCUSSION**

    **A.     Standard of Review**

Pursuant to Federal Rules of Civil Procedure Rule 12(b)(6), a court may grant a motion to dismiss if the complaint fails to state a claim upon which relief can be granted.  Previously, a motion to dismiss would be granted "only if it appear[ed] that the plaintiff[] could prove no set of facts that would entitle [him] to relief."  *Watson v. Abington Twp.*, 478 F.3d 144, 150-51 (3d Cir. 2007) (internal quotations omitted).  In *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007),

the Supreme Court changed the standard, stating that the "'no set of facts' language has been questioned, criticized, and explained away long enough . . . . [T]his famous observation has earned its retirement." *Twombly*, 127 S. Ct. at 1969. According to the Supreme Court, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." *Id.* at 1964-65 (internal quotations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact) . . . ." *Id.* at 1965.

### B. Magnunson-Moss Warranty Act

#### 1. The Parties' Arguments

CTNA argues that this Court does not have subject matter jurisdiction over the MMWA claim because McGee failed to sufficiently plead two out of the three jurisdictional requirements delineated in Section 2310(d)(3). (Defendant's Brief at 3-7). Specifically, CTNA argues that the Complaint does not name at least 100 plaintiffs and does not properly allege that the amount in controversy is at least $50,000. *Id.* at 4.

CTNA also disagrees with McGee's argument that Section 1332(d)(2) of CAFA creates an alternative basis of federal jurisdiction over the MMWA claim. (Defendant's Reply at 2-7). CTNA argues that the Court should decline to interpret CAFA in this way for two reasons: First, the Third Circuit Court of Appeals has held that a statute "'dealing with a narrow, precise, and specific subject is not submerged by a later enacted statute covering a more generalized

spectrum.'" *Id*. at 6 (quoting *Feidt v. Owens Corning Fiberglas Corp*., 153 F.3d 124, 130 (3d Cir. 1998)).  CTNA reasons that because the MMWA is a narrow statute and CAFA is a general statute enacted at a later date, the former cannot be submerged by the latter. *Id*. at 4.  Second, there is no discussion or suggestion in CAFA or its legislative history that Congress intended to overrule, amend or modify the MMWA. *Id*. at 6-7.

McGee does not dispute that his claim fails to meet all of MMWA's jurisdictional requirements. (Plaintiff's Brief at 2-6).  However, he argues that federal jurisdiction over his MMWA claim is based on CAFA, which merely requires minimal diversity of citizenship and that the aggregate class claims exceed $5,000,000. *Id.* at 2 fn.1.  McGee argues that his MMWA claim meets CAFA's requirements because the parties are of diverse citizenship and the class members' aggregate claims exceed $5,000,000 since CTNA's sale of 35,000 ContiSeal tires in the United States since 2004 at $142 per tire totals $4,970,000 and the plaintiffs' attorneys fees exceed $30,000. *Id.* at 5.  McGee also cites to numerous decisions from other courts that have held that CAFA provides an alternate basis of federal jurisdiction over MMWA claims, including *Chavis v. Fidelity Warranty Services, Inc.*, 415 F. Supp. 2d 620 (D.S.C. 2006); *Brothers v. Hewlett-Packard Co.*, 2007 WL 485979 (N.D. Cal. Feb. 12, 2007); *Clark v. Wynn's Extended Care*, 2007 WL 922244 (N.D. Ill. March 23, 2007); and *McWhorter v. Elsea, Inc*., 2007 WL 1101249 (S.D. Ohio April 11, 2007).  *Id.* at 3-4; *see also* (Plaintiff's April 25, 2007, Notice of Supplemental Authority).

    **2.**    **Applicable Law**

Congress enacted the MMWA in 1975 "to protect the purchasers of consumer goods from

4

deceptive warranty practices." *Miller v. Willow Creek Homes, Inc.*, 249 F.3d 629, 630 (7th Cir. 2001). In limited circumstances, it permits a consumer to file a state-law warranty claim in federal court, even when the parties are not of diverse citizenship. *Chavis*, 415 F. Supp. 2d at 622. Section 2310(d), which is the statutory provision allowing such suits, delineates the following jurisdictional requirements:

> (1) . . . a consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this chapter, or under a written warranty, implied warranty, or service contract, may bring suit for damages and other legal and equitable relief-
>
> A) in any court of competent jurisdiction in any State or the District of Columbia; or
> (B) in an appropriate district court of the United States, subject to paragraph (3) of this subsection.
>    . . . .
> (3) No claim shall be cognizable in a suit brought under paragraph (1)(B) of this subsection--
> (A) if the amount in controversy of any individual claim is less than the sum or value of $ 25;
> (B) if the amount in controversy is less than the sum or value of $ 50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit; or
> (C) if the action is brought as a class action, and the number of named plaintiffs is less than one hundred.

One stated rationale for these limitations is the desire "to avoid trivial or minor actions being brought as class actions in the federal district courts." *Novosel v. Northway Motor Car Corp.*, 460 F. Supp. 541, 543-44 (N.D.N.Y. 1978).

Congress enacted CAFA in 2005 to expand federal court jurisdiction over class actions. S. Rep. No. 109-14, at 42 (2005), *as reprinted in* 2005 U.S.C.C.A.N. 3, 40. CAFA's jurisdictional provision, Section 1332(d), states:

> (2) The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $ 5,000,000, exclusive of interest and costs, and is a class action in which--
> (A) any member of a class of plaintiffs is a citizen of a State different from any defendant;
> (B) any member of a class of plaintiffs is a foreign state or a citizen or subject of a foreign state and any defendant is a citizen of a State; or
> (C) any member of a class of plaintiffs is a citizen of a State and any defendant is a foreign state or a citizen or subject of a foreign state.

Section 1332(d)(6) adds that the class members' claims can be aggregated to determine the sum or value of the matter in controversy.

Recently, various district courts have interpreted CAFA as "an alternate basis by which federal courts may become courts of 'competent jurisdiction' under [the MMWA]." *Chavis*, 415 F. Supp. 2d at 626. *Chavis* is the seminal case addressing this issue. In reconciling CAFA with the MMWA, *Chavis* noted that a firmly embedded principle of statutory construction requires courts to presume that Congress enacts legislation with knowledge of the existing law and, consequently, that the newly-enacted statute is harmonious with the existing law. *Id.* *Chavis* reasoned that Congress must have been aware of MMWA's limited jurisdictional provisions and intended to expand them with CAFA. *Id.* *Chavis* concluded that this interpretation was logical in light of the fact that CAFA's legislative history clearly indicates the congressional intent to expand federal jurisdiction over class actions. *Id.*

Subsequently, the United States District Court for the Northern District of California adopted the *Chavis* decision in *Brothers*, 2007 WL 485979, * at 8. *Brothers* harmonized CAFA and the MMWA by noting that the MMWA expressly contemplates alternative jurisdiction "in any court of competent jurisdiction" and CAFA provides the means by which "alternative

jurisdiction" may be obtained. *Id.* As McGee pointed out in his moving papers, two recent federal court decisions have adopted *Chavis'* reasoning also: *Clark*, 2007 WL 922244, at *4-5; and *McWhorter*, 2007 WL 1101249, at 10.

### 3. The MMWA Claim is not Subject to Dismissal

The Court will not dismiss the MMWA claim at this time. Because the MMWA expressly contemplates alternative jurisdiction "in any court of competent jurisdiction" and the Congress intended for CAFA to expand federal court jurisdiction over class actions, the Court finds that CAFA provides an alternate basis of jurisdiction for MMWA claims. However, the Court also finds that McGee has failed to plead CAFA's amount in controversy requirement.

CAFA requires that the class members' aggregate claims exceed $5,000,000. The sole reference in the Complaint to the amount of damages incurred by any plaintiff is McGee's allegation that he paid $333.21 for a full set of replacement tires. Complaint ¶ 33. In his opposition brief, McGee alleges for the first time that the aggregate claims exceed $5,000,000 because CTMA's tire sales total $4,970,000 and the plaintiffs' attorney's fees are bound to exceed $30,000. (Plaintiff's Brief at 5). McGee does not cite to any documents in support of his allegations. It is not clear how he arrived at these figures, and accusations in moving papers cannot compensate for the insufficiency of the Complaint. As the "master of the complaint," McGee is required to plead all of the necessary jurisdictional facts to establish subject matter jurisdiction. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 398-99 (1987). Pursuant to Federal Rules of Civil Procedure Rule 8(a), jurisdiction must be pleaded in the complaint and "subsequent oral or written reference to claimed sources of jurisdiction do not suffice." *Matherly*

*v. Lamb*, 414 F. Supp. 364, 366 (D. Pa. 1976). The Court will permit McGee to file an amended complaint within thirty (30) days from the date of this Opinion that complies with CAFA's jurisdictional requirements. Provided McGee does so, the Court will retain jurisdiction over his MMWA claim.

### C. Declaratory Relief

#### 1. The Parties' Arguments

CTNA argues that declaratory relief is inappropriate here because the Court must resolve whether the ContiSeal tires are defective before it can declare the parties' rights under the warranty. (Defendant's Brief at 7). CTNA also argues that there is no legal precedent for McGee's demand for a declaration requiring CTNA to recall and replace the tires. *Id.* at 7-8 (citing *Leslie v. United States*, 986 F. Supp. 900, 913 (D.N.J. 1997); *Padilla v. Black & Decker Corp.*, 2005 WL 697489, *5 (E.D. Pa. March 24, 2005); *Boyer v. Case Corp.*, 1998 WL 205695, *2 (E.D. Pa. April 28, 1998); *Nat'l Women's Health Network v. A.H. Robins Co., Inc.*, 545 F. Supp. 1177, 1180 (D. Mass. 1982)).

McGee argues that his entitlement to declaratory relief should not be resolved at the motion to dismiss phase. (Plaintiff's Brief at 7-8). He points out that the Court should permit the parties to present evidence and arguments framing the request for declaratory relief before deciding whether to grant it. *Id*. He also argues that declaratory relief will be useful to resolve the parties' dispute over the interpretation of CTNA's warranty. *Id.* at 6-7. Third, McGee disagrees with CTNA's argument that it would be improper for a factfinder to first resolve whether the tires are defective and then decide whether the declaratory relief is an appropriate

remedy. *Id.* at 8-9.

### 2. Applicable Law

The Declaratory Judgment Act, 28 U.S.C. § 2201, vests a federal court with the authority to order declaratory relief. It provides:

> In a case of actual controversy within its jurisdiction, . . . a court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not such relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

The phrase "case of actual controversy" indicates that this Act applies only to cases that are justiciable pursuant to Article III of the Constitution. *MedImmune, Inc. v. Genentech, Inc.*, 127 S. Ct. 764, 771 (2007). To meet this requirement, a case must be, "'definite and concrete, touching the legal relations of parties having adverse legal interests'; and that it be 'real and substantial' and 'admit of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.'" *Id.* (quoting *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240-41 (1937)). The Third Circuit Court of Appeals has phrased this standard as a three-prong test that requires a plaintiff to establish that the parties have adverse interests, that the declaratory judgment will be conclusive and that the judgment will have practical utility. *Step-Saver Data Systems, Inc. v. Wyse Technology*, 912 F.2d 643, 647 (3d Cir. 1990).

A district court has "'unique and substantial discretion in deciding whether to declare the rights of litigants.'" *MedImmune*, 127 S. Ct. At 776 (quoting *Wilton v. Seven Falls Co.*, 515 U.S.

277, 286 (1995)). This is so because the district court is presented with facts during the litigation that indicate whether a declaratory judgment will be a useful remedy and whether the case is fit for resolution. *Id*.

### 3. The Declaratory Judgment Claim is not Subject to Dismissal

The Court concludes that dismissal of the declaratory judgment claim would be inappropriate at this early stage in the litigation. CTNA's concern that the declaratory judgment claim depends on an issue that has yet to be determined–i.e., whether the tires are defective–is insufficient to necessitate dismissal, particularly because this issue will be resolved in this action. If the factfinder determines that the tires are defective, then the Court will consider whether the requested declaratory relief is an appropriate remedy. Therefore, the declaratory relief will not depend on a future or contingent event. Also, the Court is not persuaded by CTNA's argument that McGee's request for a recall and replacement is unprecedented. The cases CTNA cites to do not govern this action. In *Leslie*, this Court declined to order a recall because no tort duty was undertaken by the manufacturer. 986 F. Supp. at 912-13. By contrast, in this action McGee argues that CTNA did undertake a duty to the class members by issuing the warranty. Also, the *Padilla* and *Boyer* decisions are not controlling because these held that there is no duty to recall under Pennsylvania state law. CNTA merely highlights the need for further arguments and evidence on this issue before the Court can decide whether a recall and replacement is an appropriate remedy in this action.

**III.    CONCLUSION**

For these reasons, CTMA's motion to dismiss is denied.  McGee is ordered to file an amended complaint in accordance with the requirements described on page 7 *supra* within thirty (30) days from the date of this Opinion.  An appropriate form of order is filed herewith.


Dated:  August 27, 2007


    s/ Garrett E. Brown, Jr.
GARRETT E. BROWN, JR., U.S.D.J.